IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| ANNA MARIE DECKER, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting | * | No. 3:14CV00298-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Anna Marie Decker, appeals the final decision of the Commissioner of the Social Security Administration denying his claims for supplemental security income benefits under Title XVI of the Social Security Act. For reasons set out below, the decision of the Commissioner is AFFIRMED.

**I.    BACKGROUND**

On November 8, 2011, Plaintiff protectively filed for benefits due to pain in her neck, back, leg, hip, and foot, depression, and a bulging disc. (Tr. 141) Her claims were denied initially and upon reconsideration. At Plaintiff's request, an Administrative Law Judge ("ALJ") held a hearing on June 27, 2013, where Plaintiff appeared with her lawyer. At the hearing, the ALJ heard testimony from Plaintiff and a vocational expert ("VE"). (Tr. 30-63)

The ALJ issued a decision on August 26, 2013, finding that Plaintiff was not disabled under the Act. (Tr. 9-23) The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-3)

Plaintiff, who was forty-eight years old at the time of the hearing, has a seventh-grade education and past relevant work experience as a dietary aide, housekeeper, and small production

assembler. (Tr. 58)

## II.     DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found that Plaintiff had not engaged in substantial gainful activity since November 9, 2011, and she has the following severe impairments: degenerative disc disease, arthritis, COPD, depressive disorder, and anxiety disorder. (Tr. 11) However, the ALJ found that Plaintiff did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 11)

According to the ALJ, Plaintiff has the residual functional capacity ("RFC") to do sedentary work, with the option to stand for ten minutes after an hour of sitting. Additionally, she is limited to only occasional stooping, bending, crouching, crawling, climbing, kneeling, or balancing; cannot work from ladders, ropes, or scaffolding; and is unable to tolerate exposure to excess dust, fumes, smoke, or other pulmonary irritants. Plaintiff is limited to work that is simple, routine, and repetitive with simple, direct, and concrete supervision. (Tr. 13) The VE testified that the jobs available with these limitations were cosmetic compact assembler and touch-up screener. (Tr. 61) Accordingly, the ALJ determined that Plaintiff could perform a significant number of other jobs existing in the national economy, and found she was not disabled.

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g).

[2] 20 C.F.R. §§ 416.920(d), 416.925, and 416.926.

III.     ANALYSIS

    A.     **Standard of Review**

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision.[3] Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."[4]

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed "simply because some evidence may support the opposite conclusion."[5]

    B.     **Plaintiff's Arguments for Reversal**

Plaintiff asserts that the Commissioner's decision should be reversed because the ALJ: (1) failed to consider Listings 1.02B and 1.04; (2) erred in finding Plaintiff had no non-exertional limitations; and (3) did not consider Plaintiff's chronic pain in the findings. (Doc. No. 10)

        1.     Listing 1.02B and 1.04

Plaintiff claims that the ALJ erred by not considering Listings 1.02B and 1.04 in the opinion. Listing 1.02B requires "gross anatomical deformity" and 1.04 requires a "nerve root compression." Neither condition is present here, so the ALJ appropriately did not consider the listings.

        2.     Non-exertional Limitations

Plaintiff contends that the ALJ erred by finding that she had the ability to perform light work. However, the ALJ found that Plaintiff could perform sedentary work, and this finding was supported by the record as a whole.

---

[3] *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

[4] *Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

[5] *Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

3.   Chronic Pain

Plaintiff claims that her "difficulty walking, chronic pain and side effects of her medication can be viewed as exertional limitations" and the ALJ failed to properly consider these things. First, Plaintiff testified that she takes only Advil for her pain management. (Tr. 39) Second, other than constipation, Plaintiff listed no negative side-effects on the Social Security Administration's Pain and Other Symptoms form. (Tr. 165)

Additionally, the ALJ properly concluded that the alleged severity of Plaintiff's impairments were not supported by the record. Several things weigh against Plaintiff's credibility. For example, the medical records do not support the severity of Plaintiff's alleged impairments. In May 2011, the "MRI of the cervical spine [was] unremarkable." The thoracic spine had a "small herniation without significant canal or nerve root compromise" and the "lumbar spine only show[ed] several small bulges without canal or nerve root compromise." The treating doctor determined that Plaintiff was not a surgery candidate, but might benefit from "conservative therapy." (Tr. 232, 236, 240) The fact that Plaintiff has undergone only conservative, routine treatment was properly considered by the ALJ.[6]

Furthermore, Plaintiff's treatment after the alleged on-set date involves only sporadic visits that typically are initiated because of a specific event, *e.g.* "blacking out" and falling in the shower and puncturing her finger with a nail. (Tr. 332, 346-349) In February 2012, Plaintiff complained of high blood pressure, neck pain, and a punctured her finger from a nail after she had been "working hard [the] last few days." (Tr. 332-334) Notably, she had not taken her blood pressure medication

---

[6]*Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) (finding that an ALJ may rely on the fact that a claimant has undergone only conservative treatment when evaluating the severity of the impairments).

in a year[7] and reported that her neck pain "flares up from time to time." (Tr. 332)  The doctor recommended "mild neck stretching" for the neck issues.  (Tr. 333)

Plaintiff saw the doctor in May 2012 for foot problems and hypertension.  (Tr. 329)  Yet, Plaintiff has a long history of smoking and excessive drinking.  Smoking and drinking are expensive, ongoing habits that can be considered when weighing Plaintiff's credibility.[8]  Additionally, they are habits that directly exacerbate Plaintiff's medical conditions.  Yet, she continues to smoke and drink excessively despite being directed to stop by her treating doctors.  (Tr. 332, 365)

While Plaintiff may have some limitations, the ALJ's determination that the limitations are not disabling is supported by the record as a whole.

## IV.   CONCLUSION

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is sufficient evidence in the record as a whole to support the Commissioner's decision.

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 22nd day of June, 2015.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[7] *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) ("A failure to follow a recommended course of treatment . . . weighs against a claimant's credibility.").

[8] *Mouser v. Astrue*, 5454 F.3d 634, 638 (8th Cir. 2008) (holding that "there is no dispute that smoking has a direct impact on [claimant's] pulmonary impairments. Thus, the ALJ appropriately considered [his] failure to stop smoking in making his credibility determination.").